IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

**INFORMATION**

ANNA SHAULOVA CZERWIEN,
  a/k/a Anna Czerwein,
  a/k/a Anna Czerwin,
  a/k/a Anna Shaulova,
  a/k/a Aykhali Shaulova

3:07 CR 106/LAC

**THE UNITED STATES ATTORNEY CHARGES:**

### COUNT ONE

#### A. INTRODUCTION

1.    Eurohouse Holding Corp. ("Eurohouse") was an organization incorporated in the State of Georgia on December 6, 1999, and registered in the State of Florida on April 22, 2002. Eurohouse was located at 1887 Shalimar Drive, N.E., Atlanta, Georgia, 419 Anderson Drive, Destin, Florida, and 65 Paginet Way, Destin, Florida. The listed purpose for Eurohouse was janitorial services.

2.    Woland, Inc. ("Woland") was an organization incorporated in the State of Georgia on March 31, 2006, and registered in the State of Florida on August 24, 2006. Woland was located at 1977 Clairmont Terrace, N.E., Atlanta, Georgia, and 50 Garnet Bayou Road, Santa Rosa Beach, Florida. The listed purpose for Woland was hotel

support services.

3.      Defendant, **ANNA SHAULOVA CZERWIEN**, was the president, chairman, chief executive officer, treasurer, registered agent and director of Eurohouse and was a fifty (50) percent shareholder of Woland.

4.      From on or about December 6, 1999, through the date of the filing of this Information, in the Northern District of Florida and elsewhere, the defendant did knowingly conspire with others known and unknown to prepare fraudulent Applications for Alien Employment Certification ("ETA-750").

5.      The defendant further conspired with these individuals to present these ETA-750 applications to the Florida Agency for Workforce Innovation ("AWI") and the United States Department of Labor ("DOL").

6.      The defendant further conspired to prepare fraudulent Petitions for Nonimmigrant Workers ("I-129"), and to present these I-129 petitions to the United States Department of Homeland Security, Citizenship and Immigration Services ("CIS").

## B. CHARGE

That from on or about April 22, 2002, through the date of the filing of this information, in the Northern District of Florida and elsewhere, the defendant,

**ANNA SHAULOVA CZERWIEN,**
**a/k/a Anna Czerwein,**
**a/k/a Anna Czerwin,**
**a/k/a Anna Shaulova,**
**a/k/a Aykhali Shaulova**,

did knowingly combine, conspire, confederate and agree with other persons known and

2

unknown, to make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, and to knowingly subscribe as true, false statements with respect to a material fact in applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, and to knowingly present such applications, affidavits and other documents containing false statements, in violation of Title 18, United States Code, Section 1546(a).

### C. MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT

1.    The purpose of the conspiracy was for the defendant and others to unjustly enrich themselves by preparing fraudulent ETA-750 applications and fraudulent I-129 petitions, and to present these applications and petitions to the United States Government.

2.    The defendant and others prepared fraudulent ETA-750 applications using the names and addresses of hotels and resorts located in the Northern District of Florida. In these ETA-750 applications, the defendant and others requested a certain number of "unnamed" foreign workers to work at specific hotels and specified the type of job being offered, the hourly rate of pay for the job, and the qualifications that the hotels required of the prospective alien employees.

3.    In the ETA-750 applications, the defendant posed as the president or general manager of the various hotels including, but not limited to the following: (1) Ramada Inn - Destin; (2) Hilton Sandestin Beach Golf Resort and Spa ("Hilton Sandestin"); (3) Embassy Suites Hotel, Destin - Miramar Beach; and (4) Bay Point

3

Mariott Resort Golf and Yacht Club ("Bay Point Mariott").

4.     The defendant and others then submitted the ETA-750 applications to
AWI.

5.     It was further part of the conspiracy that these same fraudulent
applications contained numerous other falsehoods, such as (1) false assertions that the
defendant represented the hotels listed in the applications, and (2) false statements
concerning the existence of the jobs listed in the applications.

6.     It was further part of the conspiracy that the defendant and others
created letters using the various hotels' letterhead without authorization from the hotels.
The letters contained numerous falsehoods including, but not limited to, the hotels' need
to hire temporary workers as housekeepers during the seasonal tourist season. The letters
contained a signature block and the signature of Anna Czerwien, who was purported to be
the president or general manager of the various hotels. These letters were submitted as
supporting documentation to the ETA-750 application for alien workers.

7.     It was further part of the conspiracy that the defendant and others
placed advertisements for housekeeping jobs in local newspapers. The DOL required
employers to attempt to find qualified employees located in the United States to fill
vacant jobs before certifying an ETA-750 application. After placing the necessary
advertisements in the newspapers, the defendant and others would then notify AWI
regarding the unsuccessful attempts to hire labor from inside the United States.

4

8.     It was further part of the conspiracy that after the DOL certified the ETA-750 applications, the defendant and others then prepared and submitted fraudulent I-129 petitions to CIS. These I-129 petitions were based upon the fraudulently obtained DOL labor certifications. These I-129 petitions also contained falsehoods, including false assertions that the defendant represented the hotels listed in the petitions.

9.     It was further part of the conspiracy that the defendant and others prepared and submitted forms I-907 (Request for Premium Processing) to CIS. These I-907 forms contained falsehoods, including the assertion that the defendant and other represented the various hotels listed in the I-907 forms.

10.     It was further part of the conspiracy that the defendant and others prepared and submitted letters in support of the I-907 forms and the I-129 petitions that they submitted to CIS. These letters were fraudulent and contained falsehoods, including false assertions that the defendant represented the hotels and was authorized to submit petitions on behalf of the various hotels.

11.     Following the approval of the I-129 petitions by CIS, aliens came to the United States and worked for various hotels as Eurohouse contract employees based on non-immigrant visa applications that were not authorized by any hotel.

## D. OVERT ACTS

1.     On or about December 11, 2003, the defendant signed an ETA-750 application requesting certification for eight (8) H-2B foreign workers to be employed at the Ramada Inn located in Destin, Florida.

5

2.      On or about December 11, 2003, the defendant signed a letter as purported
president of the Ramada Inn on Ramada Inn letterhead which letter was included as an
attachment with the ETA-750 described in paragraph 1.

3.      On or about February 27, 2004, the defendant signed a form I-129 petition
requesting eight (8) H-2B visas for unnamed recipients located in Romania.

4.      On or about December 11, 2003, the defendant signed two ETA-750
applications requesting certification for H-2B foreign workers to be employed at the
Hilton Sandestin located in Destin, Florida.  One ETA-750 application requested
certification for thirty-two (32) H-2B temporary foreign workers and the other ETA-750
application requested certification for eighty-eight (88) H-2B foreign workers.

5.      On or about December 11, 2003, the defendant signed a letter as purported
president of the Hilton Sandestin on Hilton Sandestin letterhead which letter was
included as an attachment with the ETA-750 application described in paragraph 4.

6.      On or about February 19, 2004, the defendant signed a form I-129 petition
in follow up with the ETA-750 described in paragraph 4, requesting thirty-two (32) H-2B
temporary workers and requesting thirty-two (32) H-2B visas for unnamed recipients
located in Romania.

7.      On or about March 1, 2004, the defendant signed a form I-129 petition
form in follow up with the ETA-750 described in paragraph 4, requesting eighty-eight
(88) H-2B temporary workers and requesting sixty-two (62) visas for unnamed recipients
located in Romania.

8.      On or about March 3, 2004, the defendant signed a form I-129 petition in follow up with the ETA-750 described in paragraph 4, requesting eighty-eight (88) H-2B temporary workers and requesting twenty-six (26) visas for unnamed recipients in Bulgaria.

9.      On or about October 14, 2004, the defendant signed an ETA-750 application requesting certification for ninety-five (95) H-2B foreign workers to be employed at the Embassy Suites, Destin-Miramar Beach, Florida.

10.     On or about October 14, 2004, the defendant signed a letter as purported president of the Embassy Suites on Embassy Suites' letterhead which letter was included as an attachment with the ETA-750 application described in paragraph 9.

11.     On or about May 24, 2005, the defendant signed a form I-129 petition requesting ninety-five (95) H-2B visas for unnamed recipients located in Bulgaria.

12.     On or about October 14, 2004, the defendant signed an ETA-750 application requesting certification for one hundred and ten (110) foreign workers to be employed at the Bay Point Marriott located in Panama City Beach, Florida.

13.     On or about October 14, 2004, the defendant signed a letter as purported president of the Bay Point Marriott on Bay Point Marriott's letterhead which letter was included as an attachment with the ETA-750 described in paragraph 12.

14.     On or about May 24, 2005, the defendant signed a form I-129 petition requesting one hundred and ten (110) H-2B visas for unnamed recipients located in Bulgaria.

7

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH ELEVEN

The allegations contained in Count One, Sections A through D of this Information are hereby realleged and incorporated by reference herein.

That on or about the dates listed below, in the Northern District of Florida and elsewhere, the defendant,

**ANNA SHAULOVA CZERWIEN,**
**a/k/a Anna Czerwein,**
**a/k/a Anna Czerwin,**
**a/k/a Anna Shaulova,**
**a/k/a Aykhali Shaulova,**

did knowingly make under oath, and as permitted under penalty of perjury under Title 28, United States Code, Section 1746, and did knowingly subscribe as true, false statements with respect to a material fact in applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, and did knowingly present such applications, affidavit and other documents containing false statements, that is:

| Count | Alien Beneficiary | Purported Employer | Position | Date of Application |
|-------|-------------------|--------------------|----------|---------------------|
| 2 | 8 unnamed workers | Ramada Inn - Destin | Housekeeper | December 11, 2003 |
| 3 | 88 unnamed workers | Hilton Sandestin Beach Golf Resort & Spa | Housekeeper | December 11, 2003 |
| 4 | 32 unnamed workers | Hilton Sandestin Beach Golf Resort & Spa | Housekeeper | December 11, 2003 |

| Count | Alien Beneficiary | Purported Employer | Position | Date of Application |
|-------|-------------------|--------------------|----------|---------------------|
| 5 | 95 unnamed workers | Embassy Suites Hotel, Destin - Miramar Beach | Housekeeper | October 14, 2004 |
| 6 | 110 unnamed workers | Bay Point Marriott Resort, Golf and Yacht Club | Housekeeper | October 14, 2004 |
| 7 | 85 unnamed workers | Seascape Resort | Housekeeper | July 27, 2006 |
| 8 | 90 unnamed workers | Seascape Resort | Housekeeper | February 20, 2007 |
| 9 | 70 unnamed workers | Four Points Sheraton | Housekeeper | July 10, 2007 |
| 10 | 70 unnamed workers | Four Points Sheraton | Housekeeper | July 17, 2006 |
| 11 | 50 unnamed workers | Four Points Sheraton | Housekeeper | February 21, 2007 |

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT TWELVE

The allegations contained in Count One, sections A through D of this Information are hereby realleged and incorporated by reference herein.

That from on or about April 22, 2002, through the date of the filing of this Information, in the Northern District of Florida and elsewhere, the defendant,

9

**ANNA SHAULOVA CZERWIEN,**
**a/k/a Anna Czerwein,**
**a/k/a Anna Czerwin,**
**a/k/a Anna Shaulova,**
**a/k/a Aykhali Shaulova,**

did knowingly combine, conspire, confederate and agree with other persons known and

unknown, for the purpose of commercial advantage and private financial gain, encourage

and induce aliens to come to, enter, and reside in the United States, knowing and in

reckless disregard of the fact that such coming to, entry, and residence was and would be

in violation of law.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv),

(a)(1)(A)(v)(I) and (a)(1)(B)(i).

### CRIMINAL FORFEITURE

The allegations contained in Counts One through Twelve of this Information are

hereby realleged and incorporated by reference for the purpose of alleging forfeitures to

the United States pursuant to the provisions of Title 18, United States Code, Section 982

and Title 8, United States Code, Section 1324(b).

From her engagement in the violations alleged in Counts One through Twelve of

this Information, punishable by imprisonment for more than one year, the defendant,

**ANNA SHAULOVA CZERWIEN,**
**a/k/a Anna Czerwein,**
**a/k/a Anna Czerwin,**
**a/k/a Anna Shaulova,**
**a/k/a Aykhali Shaulova,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section

982(a)(6) and Title 8, United States Code, Section 1324(b), all of her interest in:

A. Property constituting or derived from any proceeds the defendant obtained

directly or indirectly as the result of such violations;

B. Property used in any manner or part to commit or to facilitate the

commission of such violations.

C. The property described in A and B above include, but are not limited to,

the following:

1. The real property commonly known as 1887 Shalimar Drive Northeast,

Atlanta, Georgia, more particularly described as:

> BEGINNING AT AN IRON PIN PLACED ON THE
> SOUTHEASTERLY RIGHT-OF-WAY LINE OF
> SHALIMAR DRIVE, FORMERLY HILLSIDE DRIVE,
> (SAID SHALIMAR DRIVE BEING A 50-FOOT RIGHT-
> OF-WAY), 128.6 FEET NORTHEASTERLY, AS
> MEASURED ALONG THE SOUTHEASTERLY RIGHT-
> OF-WAY LINE OF SHALIMAR DRIVE, FROM THE
> INTERSECTION OF THE SOUTHEASTERLY RIGHT-
> OF-WAY LINE OF SHALIMAR DRIVE AND A POLE
> LINE LOCATED 60 FEET NORTHWESTERLY FROM
> THE SOUTHEASTERLY LINE OF A 150 FEET HIGH
> TENSION WIRE RIGHT-OF-WAY OF THE GEORGIA
> POWER COMPANY, SAID POINT OF BEGINNING
> BEING AT THE NORTHWESTERLY CORNER OF LOT
> 7, SAID BLOCK AND SUBDIVISION; THENCE
> SOUTHWESTERLY, 176.0 FEET TO AN IRON PIN
> FOUND LOCATED ON THE CENTER LINE OF A 30
> FEET RIGHT-OF-WAY OF THE ATLANTA GAS
> LIGHT COMPANY; THENCE NORTHEASTERLY, AS
> MEASURED ALONG THE CENTER LINE OF SAID 30
> FEET RIGHT-OF-WAY OF THE ATLANTA GAS
> LIGHT COMPANY, 135.31 FEET TO AN IRON PIN
> PLACED LOCATED ON THE POLE LINE WHICH IS 60
> FEET NORTHWESTERLY FROM THE

11

> SOUTHEASTERLY LINE OF A 150 FEET RIGHT-OF-
> WAY OF THE GEORGIA POWER COMPANY,
> THENCE NORTHWESTERLY AS MEASURED ALONG
> SAID POLE LINE, 15 FEET TO AN IRON PIN PLACED
> LOCATED AT THE INTERSECTION OF SAID POLE
> LINE AND THE SOUTHEASTERLY RIGHT-OF-WAY
> OF SHALIMAR DRIVE; THENCE NORTHEASTERLY,
> AS MEASURED ALONG THE SOUTHEASTERLY
> RIGHT-OF-WAY LINE OF SHALIMAR DRIVE, 128.6
> FEET TO AN IRON PIN FOUND AND THE POINT
> AND PLACE BEGINNING; SAID PROPERTY BEING
> IMPROVED PROPERTY WITH. A RESIDENCE
> THEREON AND BEING KNOWN AS NO. 1887
> SHALIMAR DRIVE, DEKALB COUNTY, GEORGIA,
> ACCORDING TO THE PRESENT SYSTEM OF
> NUMBERING HOUSES IN SAID COUNTY. PARCEL#
> 18-203-06-059.

2.      The real property commonly known as 65 Paginet Way, Destin, Florida,

lying and being in Walton County, Florida, more particularly described as:

> LOT 24, AVALON BEACH ESTATES, ACCORDING
> TO THE PLAT THEREOF AS RECORDED IN PLAT
> BOOK 10, PAGE 37, OF THE PUBLIC RECORDS OF
> WALTON COUNTY, FLORIDA.

3.      2001 BMW 325CI, bearing Vehicle Identification Number

WBABN334X1JW57259 registered to Anna Czerwein;

4.      2000 Mercedes Benz E320 – Sedan, bearing Vehicle Identification

Number WDBJF65J0YB108513 registered to Eurohouse Holding Inc., 65 Paginet Way,

Destin, Florida 32550;

5.      2000 Nissan Xterra XE/SE, bearing Vehicle Identification Number

5N1ED28TXYC507224 registered to Eurohouse Holding Inc., 65 Paginet Way, Destin,

Florida 32550;

6.    2000 Ford Econoline E150, bearing Vehicle Identification Number 1FMRE11L7YHB41809 registered to Eurohouse Holding Inc., 65 Paginet Way, Destin, Florida 32550;

7.    1999 Ford Econoline E250, bearing Vehicle Identification Number 1FTNS24L4XHC09169 registered to Eurohouse Holding Inc., 65 Paginet Way, Destin, Florida 32550;

8.    1998 Ford Winstar Wagon, bearing Vehicle Identification Number 2FMZA5144WBC49195 registered to Eurohouse Holding Inc., 65 Paginet Way, Destin, Florida 32550; and,

9.    1998 Dodge Ram Van B1500, bearing Vehicle Identification Number 2B7HB11X2WK127614 registered to Anna Czerwein.

If any of the property subject to forfeiture as a result of any act or omission of the defendants:

A.    cannot be located upon the exercise of due diligence;

B.    has been transferred or sold to, or deposited with, a third person;

C.    has been placed beyond the jurisdiction of this Court;

D.    has been substantially diminished in value; or

E.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

13

853(p), which is incorporated by reference in Title 18, United States Code, Section

982(b), to seek forfeiture of any other property of said defendants up to the value of the

above forfeitable property.

GREGORY R. MILLER
United States Attorney

9|12|07
DATE

TIFFANY H. EGGERS
Assistant United States Attorney

ARLENE REIDY
Trial Attorney
Domestic Security Section
United States Department of Justice

14